UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL FLORES PINEDA,

Petitioner,

v. Case No.: 2:26-cv-02778-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

___________________________________/

**OPINION AND ORDER**

Before the Court are Manuel Flores Pineda's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Flores Pineda is a native of Guatemala who entered the United States without inspection in 2002. He has two U.S. citizen children and no criminal record. In 2018, Flores Pineda filed a Form I-589 application for asylum and withholding of removal—which remains pending—and the Department of Homeland Security (DHS) commenced removal proceedings. Flores Pineda filed a 42-B application for cancellation of removal in 2020, and it also remains pending. On August 19, 2026, Immigration and Customs Enforcement (ICE) arrested Flores Pineda during a traffic stop. Immigration Judge Frank Pimentel held a custody redetermination hearing on September 30, 2026, and denied release on bond with this order:

> Flight risk – Filed an untimely (for asylum purposes) I-589 in 2018 that alleges gang threats and a 42-B in 2020, which evinces no exceptional and extremely unusual hardship to QRs. See Matter of A-L-S-, 29 I&N Dec. 794 (BIA 2026).

(Doc. 4-1 at 10; Doc. 2 at 3).

In his habeas petition, Flores Pineda claims his detention violates the Due Process Clause of the Fifth Amendment because Judge Pimentel deemed him a flight risk without considering the facts and circumstances relevant to the purposes of immigration detention. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e). To the extent Flores Pineda asks the Court to reweigh evidence or otherwise review Judge Pimentel's exercise of discretion, the Court declines to do so. But Flores Pineda also raises a bona fide due process claim. The government's response contains no due process analysis and instead rests on the fact that a bond hearing was held.

Because Flores Pineda's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all

'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it."

*Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The custody redetermination hearing held here was not the meaningful, individualized assessment required by the Fifth Amendment. The only evidence Judge Pimentel considered was a pending Form I-589 that is untimely for asylum but not withholding and a pending 42-B. Judge Pimentel did not address the contents of the pending applications or explain how they demonstrated a flight risk. Instead, he relied on their mere existence and, presumably, his assumption that they would not be unsuccessful.

Ironically, the single case cited in the bond order—*Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)—provides further support that Judge Pimentel's cursory and narrow consideration of the evidence was insufficient. In *Matter of A-L-S-*, the BIA vacated a bond decision because the immigration judge only considered the noncitizen's pending application for immigration relief. The BIA instructed the immigration judge to assess on remand "flight risk based on the totality of the record, including the existence and substance of any applications for relief, objective evidence relating to the respondent's claimed family relationships and equities, and the extent to which any asserted forms of relief meaningfully bear on the respondent's likelihood of attendance at future proceedings and compliance with future orders." *Matter of A-L-S-*, 29 I&N at 798. Judge Pimentel did not consider the totality of the record here.

An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Flores Pineda's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Manuel Flores Pineda's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Flores Pineda and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record